JERSEY DISCOUNT COMPANY, A NEW JERSEY CORPORA-
TION, PLAINTIFF-RESPONDENT, v. AETNA INSURANCE
COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the plaintiff-respondent, *Milton Lowenstein.*

For the defendant-appellant, *Edward H. Backes.*

The opinion of the court was delivered by

PORTER, J.   The plaintiff is engaged in the business of
loaning money to be used in the purchase of automobiles.   It
lent money for that purpose to one Daley and to one Le Clair
taking from each, as security, conditional sales contracts on
the automobiles purchased.   It insured the automobiles with
the defendant insurance company against various kinds of
losses.   Among those was indemnity against wrongful con-
version or secretion of the automobiles and against perils of
collision or upset, the coverage being for the actual cash
value of the automobile or the cost of its repair or replace-
ment excluding tools or repair equipment.

The plaintiff alleges that both automobiles were converted
and damaged by collision and parts of one of the cars miss-
ing; that notice of these facts were given by it to the defend-
ant; that the defendant secured the possession of the auto-
mobiles and delivered them to plaintiff at certain public

garages. The suit was to recover the towing and storage charges, the costs of repairing the damage done by collision and the value of the missing parts.

The trial judge, sitting without a jury, found a verdict for the plaintiff for $156. This appeal is from the resulting judgment.

The defendant urges as error the refusal of the trial judge to permit cross-examination as to the various clauses in the insurance contract. We perceive no error in this. There was no question raised of fraud or ambiguity in the contract. It spoke for itself and parol testimony as to its meaning was inadmissible. *Naumberg* v. *Young,* 44 *N. J. L.* 331. Another point urged is that testimony was improperly admitted as to the value of repairs and of the missing parts because the witnesses were not qualified and the nature and condition of the missing parts had not been established. The trial judge was the judge of the qualifications of the witnesses and we think that there was testimony from which could be found what was missing. The exact condition of the missing parts is not material.

We conclude that there was testimony in support of the factual situation on which the verdict was based. In such case this court will not review the facts. Many cases so hold, typical of which is *Boldt* v. *Prudential Insurance Co.,* 125 *N. J. L.* 328.

The judgment will be affirmed, with costs.